UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TEMPUR SEALY INTERNATIONAL, INC.,
TEMPUR-PEDIC MANAGEMENT, INC.,
TEMPUR-PEDIC NORTH AMERICA,
LLC, TEMPUR WORLD, LLC, DAN-FOAM
APS, and SEALY TECHNOLOGY LLC,

                      Plaintiffs,                      **ORDER**
      -against-                        CV 24-3312 (AYS)

MIKEY MATTRESS INC. d/b/a MATTRESS
FOR LESS and MIKEY MATTRESS, and
MICHAEL AZZARITI, Individually,

                      Defendants.
------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

       Plaintiffs, Tempur Sealy International, Inc., Tempur-Pedic Management, Inc., Tempur-Pedic North America, LLC, Tempur World, LLC, Dan-Foam APS, and Sealy Technology LLC (collectively, "Plaintiffs"), commenced this action on May 3, 2024, alleging trademark infringement, trademark counterfeiting, unfair competition, false advertising and trademark dilution, all in violation of the Lanham Act, 15 U.S.C. §§ 1114 et seq., as well as deceptive trade practices in violation of New York State Law, by Defendants Mikey Mattress Inc. d/b/a Mattress For Less and Mike Mattress, and Michael Azzariti, individually (collectively, "Defendants"). Defendants answered Plaintiffs' Complaint on May 20, 2024.

       Presently before the Court is Defendants' motion to amend their Answer to assert two counterclaims for monopolization and attempted monopolization, pursuant to the Sherman Antitrust Act, 15 U.S.C. § 2, as well as an affirmative defense of abuse of trademark and a formal jury demand. Plaintiffs oppose Defendants' motion to amend to the extent that it seeks to add counterclaims. Plaintiffs' opposition fails to address that portion of Defendants' motion that

1

seeks to add an affirmative defense and a formal jury demand. Accordingly, the Court assumes Plaintiffs consent to those requests.

Motions to amend are governed by Rule 15 of the Federal Rules of Civil Procedure. Where, as here, leave of court is required to amend, the Court has broad discretion to grant such leave "freely," "when justice so requires." Fed. R. Civ. P. 15(a)(2). Because amendments "tend to facilitate a determination on the merits," they are "generally favored." Zucker v. Porteck Global Servs., Inc., No. 13-CV-2674, 2015 WL 6442414, at *4 (E.D.N.Y. Oct. 23, 2015) (citation omitted). However, motions to amend are property denied where they are founded in "undue delay, bad faith, futility, or prejudice to the non-moving party . . . ." Mendez v. U.S. Nonwovens Corp., 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014). The non-movant bears the burden of demonstrating that the proposed amendment is improper. See Blaskiewicz v. County of Suffolk, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998) (citations omitted).

Having reviewed the parties' papers in support of and in opposition to the within motion, the Court grants Defendants' motion to amend in its entirety. That is not to say that Defendants' counterclaims will survive a motion for summary judgment. However, at this juncture, Defendants' proposed Amended Answer is well pleaded enough to state plausible counterclaims for Sherman Act violations. Defendants shall serve and file their Amended Answer within one (1) week.

**SO ORDERED:**

Dated: Central Islip, New York
      April 24, 2025             /s/     Anne. Y. Shields
                                           ANNE Y. SHIELDS
                                           United States Magistrate Judge