UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

TEMPUR SEALY INTERNATIONAL, INC., |
TEMPUR-PEDIC MANAGEMENT, INC., |
TEMPUR-PEDIC NORTH AMERICA, LLC, |
TEMPUR WORLD, LLC, DAN-FOAM APS, |
and SEALY TECHNOLOGY, LLC, |     Case 2:24-cv-03312-AYS
   |
         Plaintiffs, |
   |
   -against- |
   |
MIKEY MATTRESS d/b/a MATTRESS FOR |
LESS and d/b/a MIKEY MATTRESS, and |
MICHAEL AZZARITI, individually, |
   |
        Defendants. |
-------------------------------------------------------------x

## AMENDED ANSWER WITH COUNTERCLAIMS & JURY DEMAND

Defendants Mikey Mattress d/b/a Mattress for Less and d/b/a Mikey Mattress and Michael Azzariti, individually (collectively, "Defendants"), as and for Defendants' Answer, respond to Plaintiffs' Complaint, as follows:

1.     Defendants deny the allegations of Paragraph 1 of the Complaint and aver that the allegations of Paragraph 1 are false and that Defendants have lawfully sold new Tempur Sealy mattresses on Amazon's website.

2.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 2 of the Complaint.

3.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 3 of the Complaint.

4.      Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 4 of the Complaint.

5.      Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 5 of the Complaint.

6.      Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 6 of the Complaint.

7.      Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 7 of the Complaint.

8.      Defendants deny the allegations of Paragraph 8 of the Complaint, except admit that Defendant Mikey Mattress Inc. is a New York domestic corporation located in Nassau County, New York, that Mikey Mattress Inc. has a place of business at 86 Hempstead Turnpike, West Hempstead, New York, that Mikey Mattress Inc. has a place of business at a location on NW Federal Highway, Jensen Beach. Florida, and that Mikey Mattress Inc. sells products over Amazon.

9.      Defendants deny the allegations of Paragraph 9 of the Complaint, except admit that Michael Azzariti is an individual.

10.      Defendants deny the allegations of Paragraph 10 of the Complaint, except admit that Michael Azzariti owns and operates Mikey Mattress Inc.

11.      Defendants deny the allegations of Paragraph 11 of the Complaint, except admit that Michael Azzariti owns and Mikey Mattress Inc.  are in the business of selling mattresses.

12.     The allegations of Paragraph 12 are legal contentions to which no response is legally required, but if a response is nonetheless called for, the allegations of Paragraph 12 are denied.

13.      The allegations of Paragraph 13 are legal contentions to which no response is legally required, but if a response is nonetheless called for, the allegations of Paragraph 13 are denied.

14.     The allegations of Paragraph 14 are legal contentions to which no response is legally required, but if a response is nonetheless called for, the allegations of Paragraph 14 are denied.

15.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 15 of the Complaint.

16.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 16 of the Complaint.

17.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 17 of the Complaint.

18.      Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 18 of the Complaint.

19.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 19 of the Complaint.

20.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 20 of the Complaint.

21.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 21 of the Complaint.

22.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 22 of the Complaint.

23.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 23 of the Complaint.

24.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 24 of the Complaint.

25.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 25 of the Complaint.

26.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 26 of the Complaint.

27.     Defendants deny the allegations of Paragraph 27 of the Complaint and aver that Defendants have lawfully sold new Tempur Sealy mattresses.

28.     Defendants deny the allegations of Paragraph 28 of the Complaint and aver that Defendants have properly handled new Tempur Sealy mattresses.

29.     Defendants deny the allegations of Paragraph 29 of the Complaint and aver that Defendants have properly handled new Tempur Sealy mattresses.

30.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 30 of the Complaint.

31.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 31 of the Complaint.

32.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 32 of the Complaint.

33.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 33 of the Complaint.

34.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 34 of the Complaint.

35.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 35 of the Complaint, except aver that Defendants provide service consistent with Amazon protocol which is the same as provided by Tempur Sealy, that all of Defendants' shipments require a customer scheduled delivery appointment and a signed receipt the mattress was delivered in perfect condition, and that "white glove service" can be provided for an additional fee.

36.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 36 of the Complaint.

37.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 37 of the Complaint.

38.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 38 of the Complaint.

39.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 39 of the Complaint.

40.     Defendants deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 40 of the Complaint.

41.     Defendants admit that it does not sell with a Tempur Sealey warranty, but aver that Defendants provide service superior to a Tempur Sealey warranty and that Defendants provide an in-house warranty.

42.      Defendants deny the allegations of Paragraph 42 of the Complaint.

43.     Defendants deny the allegations of Paragraph 43 of the Complaint, except admit that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

44.     Defendants deny the allegations of Paragraph 44 of the Complaint asserting unauthorized and illegal sales of Tempur Sealy mattresses and deny knowledge and information sufficient to form a belief as to the remainder of allegations of Paragraph 44 of the Complaint.

45.     Defendants deny the allegations of Paragraph 45 of thr Complaint, except admits that Defendants operate lawfully "Mattresses for Less."

46.     Defendants deny the allegations of Paragraph 46 of the Complaint.

47.     Defendants deny the allegations of Paragraph 47 of the Complaint.

48.     Defendants deny the allegations of Paragraph 48 of the Complaint.

49.     Defendants deny the allegations of Paragraph 49 of the Complaint, except admit that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

50.     Defendants deny the allegations of Paragraph 50 of the Complaint, except admit that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

51.    Defendants deny the allegations of Paragraph 51 of the Complaint.

52.    Defendants deny the allegations of Paragraph 52 of the Complaint, except admit that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

53.    Defendants deny the allegations of Paragraph 53 of the Complaint and aver Defendants have lawfully sold new Tempur Sealy mattresses.

54.    Defendants deny the allegations of Paragraph 54 of the Complaint and aver that Defendants have lawfully sold new Tempur Sealy mattresses.

55.    Defendants deny the allegations of Paragraph 55 of the Complaint and aver that Defendants have lawfully sold new Tempur Sealy mattresses.

56.    Defendants deny the allegations of Paragraph 53 of the Complaint and aver that the allegations of Paragraph 56 are false and that Defendants have lawfully sold new Tempur Sealy mattresses.

57.    Defendants deny the allegations of Paragraph 57 of the Complaint and aver that Defendants have lawfully sold new Tempur Sealy mattresses.

58.    Defendants deny the allegations of Paragraph 58 of the Complaint.

59.    Defendants deny the allegations of Paragraph 59 of the Complaint.

60.    Defendants deny the allegations of Paragraph 60 of the Complaint and aver that the allegations of Paragraph 60 are false.

61.    Defendants deny the allegations of Paragraph 61 of the Complaint.

62.    Defendants deny the allegations of Paragraph 62 of the Complaint and aver that the allegations of Paragraph 62 are false.

63.     Defendants deny the allegations of Paragraph 63 of the Complaint and aver that the allegations of Paragraph 63 are false.

64.     Defendants deny the allegations of Paragraph 64 of the Complaint and aver that the allegations of Paragraph 64 are false.

65.     Defendants deny the allegations of Paragraph 66 of the Complaint, except admit that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

66.     Defendants deny the allegations of Paragraph 66 of the Complaint and aver that the allegations of Paragraph 66 are false.

67.     Defendants deny the allegations of Paragraph 67 of the Complaint and aver that the allegations of Paragraph 67 are false.

68.     Defendants deny the allegations of Paragraph 68 of the Complaint and aver that the allegations of Paragraph 68 are false.

69.     Defendants deny the allegations of Paragraph 69 of the Complaint and aver that the allegations of Paragraph 69 are false.

70.     Defendants deny the allegations of Paragraph 70 of the Complaint and aver that the allegations of Paragraph 70 are false.

71.     Defendants deny the allegations of Paragraph 71 of the Complaint and aver that the allegations of Paragraph 71 are false.

72.     Defendants deny the allegations of Paragraph 72 of the Complaint, aver that the allegations of Paragraph 72 are false, except admit that that Defendants

have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exbibit A to this Complaint.

73.     Defendants deny the allegations of Paragraph 73 of the Complaint, aver that the allegations of Paragraph 73 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

74.     Defendants deny the allegations of Paragraph 74 of the Complaint, aver that the allegations of Paragraph 74 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

75.     Defendants deny the allegations of Paragraph 75 of the Complaint, aver that the allegations of Paragraph 75 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

76.     Defendants deny the allegations of Paragraph 76 of the Complaint, aver that the allegations of Paragraph 76 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

77.     Defendants deny the allegations of Paragraph 77 of the Complaint, aver that the allegations of Paragraph 77 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

78. Defendants deny the allegations of Paragraph 78 of the Complaint, aver that the allegations of Paragraph 78 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

79. Defendants deny the allegations of Paragraph 79 of the Complaint, aver that the allegations of Paragraph 79 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

80. Defendants deny the allegations of Paragraph 80 of the Complaint, aver that the allegations of Paragraph 80 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

81. Defendants deny the allegations of Paragraph 81 of the Complaint, aver that the allegations of Paragraph 81 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.  82

82. Defendants deny the allegations of Paragraph 76 of the Complaint, aver that the allegations of Paragraph 82 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

83. Defendants deny the allegations of Paragraph 83 of the Complaint, aver that the allegations of Paragraph 83 are false, except admit that that Defendants

have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

84. Defendants deny the allegations of Paragraph 84 of the Complaint, aver that the allegations of Paragraph 84 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

85. Defendants deny the allegations of Paragraph 85 of the Complaint, aver that the allegations of Paragraph 85 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

86. Defendants deny the allegations of Paragraph 86 of the Complaint, aver that the allegations of Paragraph 86 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

87. Defendants deny the allegations of Paragraph 87 of the Complaint, aver that the allegations of Paragraph 87 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

88. Defendants deny the allegations of Paragraph 88 of the Complaint, aver that the allegations of Paragraph 88 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

89.     Defendants deny the allegations of Paragraph 89 of the Complaint, aver that the allegations of Paragraph 89 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

90.     Defendants deny the allegations of Paragraph 90 of the Complaint, aver that the allegations of Paragraph 90 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

91.     Defendants deny the allegations of Paragraph 91 of the Complaint, aver that the allegations of Paragraph 91 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

92.     Defendants deny the allegations of Paragraph 92 of the Complaint, aver that the allegations of Paragraph 92 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

93.     Defendants deny the allegations of Paragraph 93 of the Complaint, aver that the allegations of Paragraph 93 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

94.     Defendants deny the allegations of Paragraph 94 of the Complaint, aver that the allegations of Paragraph 94 are false, except admit that that Defendants

have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

95.     Defendants deny the allegations of Paragraph 95 of the Complaint, aver that the allegations of Paragraph 95 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

96.     Defendants deny the allegations of Paragraph 96 of the Complaint, aver that the allegations of Paragraph 96 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

97.     Defendants deny the allegations of Paragraph 97 of the Complaint, aver that the allegations of Paragraph 97 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

98.     Defendants deny the allegations of Paragraph 98 of the Complaint, aver that the allegations of Paragraph 98 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

99.     Defendants deny the allegations of Paragraph 99 of the Complaint, aver that the allegations of Paragraph 99 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

100. Defendants deny the allegations of Paragraph 100 of the Complaint, aver that the allegations of Paragraph 100 are false and admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

101. Defendants deny the allegations of Paragraph 101 of the Complaint, aver that allegations of Paragraph 101 are false except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

102. Defendants deny the allegations of Paragraph 102 of the Complaint and aver that the allegations of Paragraph102 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

103. Defendants deny the allegations of Paragraph 103 of the Complaint, aver that allegations of Paragraph 103 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

104. Defendants deny the allegations of Paragraph 104 of the Complaint, aver that allegations of Paragraph 104 are false, except admit that that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

105. Defendants deny the allegations of Paragraph 105 of the Complaint, aver that the allegations of Paragraph 105 of the Complaint are false, except admits

that Defendants have forthrightly responded to Plaintiffs, as exemplified by Defethe correspondence attached as Exhibit A to this Answer.

106. Defendants deny the allegations of Paragraph 106 of the Complaint, aver that the allegations of Paragraph 106 of the Complaint are false, except admits that Defendants have forthrightly responded to Plaintiffs, as exemplified by the correspondence attached as Exhibit A to this Answer.

Defendants deny each and every allegations of Plaintiffs' "Prayer for Relief", including but not limited to paragraphs 1 through 9 and all subparagraphs contained therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by applicable statute of limitations,

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by equitable estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by Defendants' failure mitigate damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendants ratified the actions of which they complain.

## AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE

Defendants' claims were waived by Defendants.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Defendants, by engaging in the conduct complained of in the Counterclaims, abused the trademark they allege having,

**WHEREFORE,** Plaintiff's claims should be dismissed with prejudice, and Defendants should be awarded the fees and costs in defending the action.

## COUNTERCLAIMS

Counterclaim Plaintiffs Mikey Mattress d/b/a Mattress for Less and d/b/a Mikey Mattress and Michael Azzariti, individually (collectively, "Counterclaim Plaintiffs"), as and for Counterclaim Plaintiffs' Counterclaims, allege as follows:

2.      Counterclaim Plaintiffs bring Counterclaims for Monopolization, and Attempted Monopolization because Counterclaim Defendants (hereinafter "Counterclaim Defendants Temper Sealy companies") have attempted to monopolize and have monopolized the relevant market of the mattress retail market to the antitrust injury of Counterclaim Plaintiffs, which  have been lawfully selling, on Amazon, genuine, authentic new Tempur Sealy mattresses, and which Plaintiffs-Counterclaim Defendants (hereinafter "Counterclaim Defendants Temper Sealy companies") know and have known are genuine, authentic, new Tempur Sealey mattresses. *See Zino Davidoff SA v. CVS Copp.*, 571 F.3d 238, 243-244 (2d Cir. 2009)

("We recognize that, as a general rule, the Lanham Act does not impose liability for `the sale of genuine goods bearing a true mark even though the sale is not authorized by the mark owner' because such a sale does not inherently case confusion or dilution. *Polymer Tech. Copp. v. Mimran*, 975 F.2d 58, 61 (2d Cir.1992)." and in fact, Counterclaim Plaintiffs had been the Number 1 seller of Tempur Sealy mattresses on Amazon. Tempur Sealey companies, however, have acted to restrain trade and monopolize the sale of Tempur Sealy mattresses in the retail mattress business, including on Amazon, by, among other things, (i) imposing the requirement on Amazon of Counterclaim Plaintiffs providing a letter of permission by Counterclaim Defendants Tempur Sealy companies allowing Counterclaim Plaintiffs to sell Tempur Sealy mattresses' (ii) making false allegations to Amazon and others that Counterclaim Plaintiffs is selling counterfeit and/or used Tempur Sealy mattresses; (iii) engaging in unlawful and deceptive business practices by advertising fictitious sales prices on their website; and (iv) engaging in unlawful and deceptive business practices by advertising fictitious sales prices on their website.

## THE PARTIES

3.      Counterclaim Plaintiffs are (i) Mikey Mattress Inc d/b/a Mattress For Less and d/b/a Mikey Mattress and (ii) Michael Azzariti. Mikey Mattress Inc. d/b/a Mattress For Less and d/b/a named Mikey Mattress is a New York domestic corporation located in Nassau County, New York, which (a) has a place of business at 86 Hempstead Turnpike, West Hempstead, New York, (b) has a place of business at a location on NW Federal Highway, Jensen Beach. Florida, and (c) sells products over

Amazon. Defendant Michael Azzariti is an individual who owns and operates Mikey Mattress Inc. The Counterclaim Plaintiffs sell quality mattresses at retail.

4.     Counterclaim Defendants are Tempur Sealy International, Inc., Tempur-Pedic Management, Inc., Tempur-Pedic North America LLC, Tempur World, LLC, Dan-Foam APS, and Sealy Technology LLC. The Counterclaim Defendants are, for the purposes of this Counterclaim and upon information and belief, are as described in paragraphs 2 through 7 of the Complaint.

## JURISDICTION AND VENUE

5.     The Counterclaims are for Monopolization and Attempted Monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

6.     This Court has jurisdiction over this matter pursuant to 15 U.S.C. §§ 4, 1114, 1114(1), 1125(a), and 1125(c) and 28 U.S.C. §§ 1331 1332 and 1367.

7.     Venue in the Eastern District of New York was chosen by the Counterclaim Defendants to pursue their claims.

## AS AND FOR A FIRST COUNTERCLAIM
### (Monopolization in violation of Section 2 of the Sherman Act)

8.     In or about June 2024, the Federal Trade Commission voted 5-0 to block the proposed acquisition of Mattress Firm, a Houston=based retailer by Counterclaim Defendant Tempur Sealy International, Inc. due to, among other things, perceived anticompetitive effects in the mattress retail market from that vertical acquisition. https://www.furnituretoday.com/mattresses/ftc-votes-5-0-to-block-4b-tempur-sealy-mattress-firm-deal/ In response to the Federal Trade Commission, Counterclaim Defendant Tempur Sealy International, Inc. argued, unpersuasively to

the Federal Trade Commission, that the Federal Trade Commission failed to understand the nuances of the mattress industry, including the sale of mattresses through Amazon. Counterclaim Defendant Tempur Sealy companies cited a number of mattress retailers but as for horizontal competitors, identified only Serta Simmons.

9. On July 2, 2024, the Federal Trade Commission filed an action in the U.S. District Court for the Southern District of Texas seeking a Court Order blocking the proposed acquisition of Mattress Firm by Counterclaim Defendant Tempur Sealy companies. According to a Reuters report, a document submitted to the Federal Trade Commission showed that the CEO of Counterclaim Defendant Temper Sealy companies have plans to eliminating competition and competitors, which includes Counterclaim Plaintiffs. https://www.reuters.com/markets/deals/tempur-sealys-deal-buy-mattress-firm-aims-eliminate-competition-document-shows-2024-08-16/ At the same time, Counterclaim Defendants Temper Sealy companies, in attempting to avoid monopolization, argued to the Feral Trade Commission that they allow third-party companies to sell on Amazon, but the argument was false, as Counterclaim Defendant Temper Sealy companies are suing Counterclaim Plaintiffs.

10. Counterclaim Plaintiffs, in selling authentic Tempur Sealy products (not counterfeit knock-offs), have not been in violation of trademark law according to the principles stated by the Second Circuit and the Eastern District of New York. Counterclaim Defendants have been advised of these precedents by counsel for Counterclaim Plaintiffs. All mattresses have a legal tag, arrive in sealed original boxes with the Tempurpedic's stamp on the inside foam and Stearns and Foster

original signatures both can only be done by the manufacturer and at the time of manufacturing. Counterclaim Plaintiffs take photos of the mattresses with proper measurements; all are inspected upon delivery to ensure customer satisfaction. Through their monopolized tactics, Tempur Sealy mattresses are price locked throughout the country, we make them affordable by selling them for less without the manufacturer's warranty and offering our own in-house warranty through a third-party company that goes over and beyond the manufacturer's warranty.

11.     Counterclaim Plaintiffs are a multiple award-winning company for their New York and Florida store fronts, winning best mattress company for Long Island for multiple years and winning best mattress company for the Treasure Coast, after only being in business for a year, Counterclaim Plaintiffs have 5 stars worldwide on Google, Yelp, Facebook, Amazon reviews, a perfect score with the Better Business Bureau and have been inducted into the Who's Who with a stellar reputation.  These ratings would not be possible unless Counterclaim Plaintiffs were selling genuine, authentic, new Temper Sealy mattresses.

12.     In *Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 243-244 (2d Cir. 2009), the U.S. Court of Appeals for the Second Circuit stated: "We recognize that, as a general rule, the Lanham Act does not impose liability for `the sale of ,genuine goods bearing a true mark even though the sale is riot authorized by the mark owner' because such a sale does not inherently case confusion or dilution. *Polymer Tech. Copp. v. Mimran*, 975 F.2d 58, 61 (2d Cir.1992)." The Second Circuit in *Zino Davidoff SA v. CVS Corp.* quoted from the following passage in *Polymer Tech. Corp. v. Mimran*:

[20]

As a general rule, trademark law does not reach the sale of genuine goods bearing a true mark even though the sale is not authorized by the mark owner. *NEC Electronics v. Cal Circuit Abco*, 810 F.2d 1506, 1509 (9th Cir.), *cent. denied*, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 108 (1987). Thus, a distributor who resells trademarked goods without change is not liable for trademark infringement. *See* 2 J. Thomas McCarthy, *Trademarks and Unfair Competition*, § 25:11 (2d ed. 1984) (citing *Prestonettes, Inc. v. Coty*, 264 U. S. 359, 44 S .Ct. 350, 68 L. Ed. 731 (1924) and *Champion Spark Plug Co. v. Sanders*, 331 U. S. 125, 67 S.Ct. 113 6, 91 L. Ed. 13 86 (1947)). In addition, even repackaging of goods is not trademark infringement if it does not deceive the public or damage the mark owner's goodwill. *See Prestonettes*, 264 U.S. at 368, 44 S.Ct. at 351 (sale of repackaged cosmetics permitted provided statement disclosing origin is enclosed); *Champion*, 331 U.S. at 130, 67 S.Ct. at 113 9 (sale of reconditioned spark plugs under original name permitted provided full disclosure made).

*Polymer Tech. Corp. v. Mimran*, 975 F.2d at 61-62.

13.    The Second Circuit in *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 102-03

(2d Cir. 2010), upheld the lawfulness of the unauthorized sales on eBay of Tiffany

trademarked products:

We have recognized that a defendant may lawfully use a plaintiff s trademark where doing so is necessary to describe the plaintiff s product and does not imply a false affiliation or endorsement by the plaintiff of the defendant. "While a trademark conveys an exclusive right to the use of a mark in commerce in the area reserved, that right generally does not prevent one who trades a branded product from accurately describing it by its brand name, so long as the trader does not create confusion by implying an affiliation with the owner of the product." *Dow Jones & Co. v. Intl Sec. Exch., Inc.*, 451 F.3d 295, 308 (2d Cir.2006); see also *Polymer Tech. Copp. v. Mimran*, 975 F.2d S 8, 61-62 (2d Cir.1992) ("As a general rule, trademark law does not reach the sale of genuine goods bearing a true mark even though the sale is not authorized by the mark owner" (footnote omitted)); cf. *Prestonettes, Inc. v. Coty*, 264 U.S. 359, 368, 44 S.Ct. 350, 68 L.Ed. 731 (1924) (when a "mark is used in a way that does not deceive the public," there is "no such sanctity in the word as to prevent its being used to tell the truth. It is not taboo."). We agree with the district court that eBay's use of Tiffany's mark on its website and in

sponsored links was lawful. eBay used the mark to describe accurately the genuine Tiffany goods offered for sale on its website. And none of eBay's uses of the mark suggested that Tiffany affiliated itself with eBay or endorsed the sale of its products through eBay's website... .

We conclude that eBay's use of Tiffany's mark in the described manner did not constitute direct trademark infringement. . . .

14.     Similarly, in *Krasnyi Oktyarbr, Inc. v. Trilini Imposts* ("*Trilini II*"), 578 F. Supp.2d 455, 467-468 (E.D.N.Y. 2008) (Trager, J.), the Court stated:

> "As a general rule, trademark law does not reach the sale of genuine goods bearing a true mark even though the sale is not authorized by the mark owner. Thus, a distributor who resells trademark goods without change is not liable for trademark infringement." *Polymer Tech. Copp. v. Mimran*, 975 F.2d 5 8, 61 (2d Cir.1992) (citations omitted). "The unauthorized sale of a genuine trademarked product does not in itself constitute trademark infringement, since there is no possibility of deception or confusion." H.L. *Hayden Co. of NY, Inc. v. Siemens Medical Systems, Inc.*, 879 F.2d 1005, 1023 (2d Cir.1989) (citations omitted). This principle has come to be known as the exhaustion or first-sale doctrine. See *Italverde T~adzng, Inc. v. Four Bills of Lading Numbered LRNNN*, 485 F. Supp.2d 187, 210 (E.D.N.Y.2007); *Ryan v. Volpone Stamp Co.*, 107 F. Supp.2d 369, 3 82 (S.D.N.Y.2000) (proposing a two-part test for meeting the first-sale doctrine, considering first whether the trademark owner authorized the first sale and then whether "the goods which were later sold without authorization were genuine"); see also Thomas McCarthy; *Trademarks and Unfair Competition*, § 25:41 (4th ed.2008). Thus, defendants' first-sale doctrine defense rests on the same inquiry of whether or not the goods were genuine.

> The parties do not dispute that the goads are "genuine.". . . .

15.     To sell as a third-party seller on Amazon, Amazon must verify and approve the business and the credibility of the business. The application process is lengthy and time consuming to qualify as a seller. Counterclaim Plaintiffs have been selling on Amazon, following its rules and regulations, for several years as Amazon's

preferred top seller. Since Counterclaim Defendants' accusations and this lawsuit, Counterclaim Plaintiffs are no longer their top or preferred seller, nor have sold or profited in months.

16.     Selling as a third-party seller on Amazon allows one to ship merchandise two ways. One can ship merchandise by oneself ("MF," merchant fulfilled), or one can ship directly through Amazon ("FBA," fulfilled by Amazon). Counterclaim Plaintiffs shipped mattresses FBA for some time and shipped their mattresses to Amazon's warehouse, where those mattresses were inspected for authenticity. Counterclaim Plaintiffs never had one complaint as they were 100% perfect and authentic. Amazon is fully aware that my merchandise is lawful and genuine as they had a large amount of Counterclaim Plaintiffs' inventory with zero complaints. Had Counterclaim Plaintiffs not been selling genuine, authentic new Tempur Sealy mattresses, Counterclaim Plaintiffs could have never been a seller on Amazon given Amazon's strict policies. In fact, Counterclaim Plaintiffs received zero complaints on Amazon, including zero complaints about authenticity. Also, Counterclaim Plaintiffs have used Amazon photographs as Amazon's preferred seller, and Counterclaim Plaintiffs provide a legal disclaimer that the mattresses are sols without the manufacturer's warranty.

17.     Counterclaim Defendants Temper Sealy companies know that the Temper Sealy mattresses sold by Counterclaim Plaintiffs are new and authentic. Amy Cahill, counsel for Temper Sealy companies acknowledged in correspondence that that the Temper Sealy mattresses sold by Counterclaim Plaintiffs are authentic

but questioned whether they were new. According to the website of Counterclaim Defendants Temper Sealy companies, the policy and practice of the Counterclaim Defendants Temper Sealy companies, however, is to destroy all "used" mattresses, such that Counterclaim Plaintiff would not be able to acquire and sell "used" mattresses. https://help.stearnsandfoster.com/hc/en-us/articles/4418601293591-Do-you-sell-damaged-returned-or-refurbished-products;

18.     In May 2017, Counterclaim Plaintiff became a seller on Amazon with no issues or concerns until February 13, 2024 when Counterclaim Plaintiff were falsely accused of not selling genuine, authentic Temper Sealy mattresses. Despite the lawfulness of Counterclaim Plaintiffs' sale of genuine, authentic Tempur Sealy mattresses through Amazon, Counterclaim Plaintiffs have been informed that without a letter of authorization from Counterclaim Defendant Tempur Sealy companies, Counterclaim Plaintiffs will not be permitted to sell what are genuine, authentic Tempur Sealy mattresses through Amazon. Counterclaim Defendants are exercising their market power to exclude Counterclaim Plaintiffs from the mattress retail market.

19.     Through emails, presentations, and other deal documents, Counterclaim Defendants Temper Sealy companies have made it abundantly clear that its acquisition of Mattress Firm is intended to kneecap competitors and dominate the market," said Henry Liu, Director of the FTC's Bureau of Competition. "This deal isn't about creating efficiencies; it's about crippling the competition, which would

raise prices on an essential good and could lead to layoffs for good paying American manufacturing jobs in nearly a dozen states.

20.     Monopolization is illegal monopoly behavior. Some categories of prohibited behavior include exclusive dealing, price discrimination, refusing to supply an essential facility, product tying and predatory pricing. The law seeks to guard against the use of monopoly power to unfairly block competition, fix prices, gain a competitive advantage, or destroy a competitor.

21.     The offense of monopolization under Section 2 of the Sherman Antitrust Act has two elements: *first, that the defendant possesses monopoly power in a defined market* – here, the mattress retail market; and *second, that the defendant has obtained or maintained that power through unlawfully exclusionary conduct* -- here, the requirement that Amazon not allow sales of what are genuine, authentic Tempur Sealy mattresses by retailers such as Counterclaim Plaintiffs to sell through Amazon without approval by Counterclaim Defendants Tempur Sealy companies.

22.     For Sherman Act purposes, a "relevant market" is a market in which a particular product or service is sold; it is the intersection of a relevant product market and a relevant geographic market. The theory of "relevant market" is used in order to identify the products and services which are directly competing in a business. In other words, the relevant market is the market in which the competition takes place. The enforcement of the provisions of antitrust law would be not possible without referring to the market where competition takes place. The "relevant market" is a key concept in antitrust analysis, defining the scope of competition that

is considered when evaluating the potential anti-competitive effects of a business practice, merger ora company's dominance. The definition of the "relevant market" encompasses the products or services that are reasonable substitutes for one another from the consumer's perspective, In determining the relevant product market, the analysis assesses those products that are reasonably interchangeable. Similarly, a relevant geographic market requires a determination of the area in which there is "effective competition" for the relevant product.

23.    The "relevant market" here with respect to product is the retail mattress business (which is what the Federal Trade Commission treated it to be): mattresses are interchangeable for market definition purposes. The "relevant market" here with respect to "geography" is with respect to retail mattress sales on Amazon.

24.    Counterclaim Defendants Tempur Sealy companies have monopoly power in the relevant market, as evidenced by, among other things, (i) imposing the requirement on Amazon of Counterclaim Plaintiffs providing a letter of permission by Counterclaim Defendants Tempur Sealy companies allowing Counterclaim Plaintiffs to sell Tempur Sealy mattresses' (ii) making false allegations to Amazon and others that Counterclaim Plaintiffs is selling counterfeit and/or used Tempur Sealy mattresses; (iii) engaging in unlawful and deceptive business practices by advertising fictitious sales prices on their website; and (iv) engaging in unlawful and deceptive business practices by advertising fictitious sales prices on their website. https://crosnerlegal.com/cl-files-fictitious-pricing-class-action-against-tempur-pedic/

25.     Counterclaim Defendants Tempur Sealy companies have maintained that power through unlawfully exclusionary conduct -- here, (i) imposing the requirement on Amazon of Counterclaim Plaintiffs providing a letter of permission by Counterclaim Defendants Tempur Sealy companies allowing Counterclaim Plaintiffs to sell Tempur Sealy mattresses' (ii) making false allegations to Amazon and others that Counterclaim Plaintiffs is selling counterfeit and/or used Tempur Sealy mattresses; (iii) engaging in unlawful and deceptive business practices by advertising fictitious sales prices on their website; and (iv) engaging in unlawful and deceptive business practices by advertising fictitious sales prices on their website.

26.     Counterclaim Plaintiffs have suffered injury in fact in the form of lost sales and lost goodwill as a result of Counterclaim Defendants' monopolizing conduct that has cut off Counterclaim Plaintiffs from being able to sell genuine, authentic Tempur Sealy mattresses on Amazon.  Counterclaim Plaintiffs have standing to seek redress for those injuries.

### AS AND FOR A SECOND COUNTERCLAIM
(Attempted Monopolization in violation of Section 2 of the Sherman Act)

27.     The allegations of paragraphs 1 through 26 of the Counterclaims are incorporated herein by reference as if repeated in full.

28.     The offense of attempted monopolization under Section 2 of the Sherman Antitrust Act requires: (i) *anticompetitive conduct* (here, the requirement that Amazon not allow sales of what are genuine, authentic Tempur Sealy mattresses by retailers such as Counterclaim Plaintiffs to sell through Amazon without approval by Counterclaim Defendant Tempur Sealy International, Inc..) (ii) *a specific intent to*

*monopolize* (here, shown by the exchange of correspondence by counsel); and (iii) *a dangerous probability of achieving monopoly power* (here, shown by the willingness of Amazon to cut off the Number 1 seller of Tempur Sealy mattresses in Counterclaim Plaintiffs on Amazon),. The same principles are applied in evaluating both attempt and monopolization claims.

29.    Counterclaim Plaintiffs have suffered antitrust injury in fact in the form of lost sales and lost goodwill as a result of Counterclaim Defendants' attempted monopolization that has cut off Counterclaim Plaintiffs from being able to sell genuine, authentic, new Tempur Sealy mattresses on Amazon.    Counterclaim Plaintiffs have standing to seek redress for those injuries.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiffs demand:

1.    Ten Million Dollars in compensatory damages for Counterclaim Defendants' monopolization in violation of section 2 of the Sherman Act;

2.    Ten Million Dollars in compensatory damages for Counterclaim Defendants' attempted monopolization in violation of section 2 of the Sherman Act;

3.    Reimbursement of the damages recovered by Counterclaim Plaintiffs trebled by operation of the Sherman Act;

4.    Reimbursement of the attorneys' fees and expert fees incurred by Counterclaim Plaintiffs by operation of the Sherman Act; and

5,    Dismissal of Plaintiffs-Counterclaim Defendants' claims.

Dated: April 30, 2025
Garden City, New York

                                                       Respectfully submitted,
                                                       JASPAN SCHLESINGER NARENDRAN LLP

By:    */s/ Jillian L. McNeil*
                                                  Steven R. Schlesinger
                                                Jillian L. McNeil
                                                300 Garden City Plaza, Fifth Floor
                                                Garden City, New York 11530
                                                (516)746-8000
                                                *Attorneys for Defendants-Counterclaim Plaintiffs*

## JURY DEMAND

Defendants-Counterclaim Plaintiffs herein demand a trail by jury of all issues presented herein that are triable by a jury, including but not limited to all claims, defenses and Counterclaims in this action.

Dated: April 30, 2025
Garden City, New York

                                                        Respectfully submitted,
                                                      JASPAN SCHLESINGER NARENDRAN LLP

By:    */s/ Jillian L. McNeil*
                                                  Steven R. Schlesinger
                                                Jillian L. McNeil
                                                  300 Garden City Plaza, Fifth Floor
                                                Garden City, New York 11530
                                                (516)746-8000
                                                *Attorneys for Defendants-Counterclaim Plaintiffs*