

JILLIAN L. MCNEIL
Partner
DIRECT DIAL: 516.393.8275
jmcneil@jaspanllp.com

December 3, 2025

**VIA ECF**
Hon. Anne Y. Shields
United States District Court
Eastern District of New York
100 Federal Plaza
Courtroom 840
Central Islip, New York 11722

      Re:    **Tempur Sealy International, Inc., et al. v.**
                <u>**Mikey Mattress d/b/a Mattress for Less, et al.**</u>
                **Docket No.: 2:24-cv-03312 (AYS)**

Dear Judge Shields:

      This firm represents defendant, Mikey Mattress d/b/a Mattress for Less and d/b/a Mikey Mattress, and Michael Azzariti (collectively, "Defendants" or "Mikey Mattress"), in the above-captioned matter. I write pursuant to Your Honor's Individual Practice Rule X(C) to request a pre-motion conference in connection with this Firm's proposed motion to withdraw as counsel pursuant to Local Civil Rule 1.4. I also write to request permission to file certain supporting documentation related to the proposed motion to withdraw under seal, if necessary.

      By way of its proposed motion, Jaspan Schlesinger Narendran LLP ("JSN") seeks an order relieving JSN and its attorneys who have appeared in this action, including myself and Steven R. Schlesinger, Esq., as attorneys of record for Defendants, and providing a brief stay of the action to allow Defendants to retain new counsel. JSN's grounds for withdrawal include: (1) Defendants' failure to pay fees and expenses due JSN; and (2) irreconcilable differences between JSN and Defendants, rendering it inappropriate for JSN to remain as counsel.

      Local Civil Rule 1.4 provides that "an attorney for a party may be relieved or displaced only by order of the court. This order may be issued after the filing of a motion to withdraw, only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement, and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien." New York's Rules of Professional Conduct, N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 (hereinafter, the "NYRPC") provide guidance to courts in determining what constitutes satisfactory reasons for granting a motion to withdraw as counsel. *See, e.g.*, *Joseph Brenner Assocs., Inc. v. Starmaker Entm't, Inc.*, 82 F.3d 55, 57 (2d Cir. 1996). Rule 1.16(c) of the NYRPC


governs permissive withdrawals of counsel. It provides that "a lawyer may withdraw from representing a client when . . . (5) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees . . . [and] (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." *See* NYRPC, Rule 1.16(c). Under these standards, JSN has good cause to withdraw as counsel.

Over the course of the last several months, Defendants have engaged in a pattern of conduct that has rendered JSN's representation of them unreasonably difficult. Recent communications amongst Defendants and JSN attorneys have further demonstrated a breakdown in the attorney-client relationship that cannot be resolved. Additionally, Defendants owe a substantial sum to JSN in unpaid legal fees and expenses. Since August of this year, we have sought to resolve the unpaid balance, including by offering to enter into a payment plan with Defendants to settle the balance. However, Defendants have either deliberately ignored such requests or expressed an inability and/or unwillingness to reach a resolution. Such conduct provides sufficient grounds for JSN's proposed motion.

JSN does not intend to seek a retaining lien in this matter so as not to inhibit Defendants' ability to proceed in this case but will seek a charging lien. JSN will also request a limited stay of the proceedings to allow Defendants time to find new counsel.

Finally, in the event the Court grants JSN permission to file the proposed motion to withdraw, I respectfully request permission to file any supporting documents and declarations under seal to limit any prejudice to Defendants.

Respectfully submitted,

*/s/ Jillian L. McNeil*

Jillian L. McNeil

cc: Counsel of Record (via: ECF)
Michael Azzariti (via email: mikeyazz55@gmail.com)